## FOX v. PRAY.

### September 21, 1839.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

A. made an agreement in writing with B., that he had bought of " B. agent for C.," certain merchandize, and that he would pay him a certain sum therefor on a particular day. B. brought suit against A. on the agreement, and filed a copy of it. Defendant filed an affidavit of defence, that C. was the real owner of the claim, that B. had no interest in it, and that C. had warned him not to pay it to B. *Held:* that judgment would not be granted, under the act of 28th March, 1835, for want of a sufficient affidavit of defence.

THIS was an action to June term, 1839, No. 352. Plaintiff filed a copy of an instrument of writing, viz.:

" I hereby certify that I this day *bought of Joseph Fox*, agent for Abraham Hibberd, fifteen fat steers, which are to be drawn as follows, viz.: eight of them on the 24th instant, and the remainder on the 31st instant; and for which I have agreed to *pay him* on or before the 15th of next month, eight hundred dollars, current money of Philadelphia.

Witness my hand the 20th day of the 12th month, 1838.

$800 00. (Signed,) JOHN PRAY."

[Fox v. Pray.]

The defendant filed the following affidavit of defence, viz. :

"John Pray, the defendant in the above case, on oath says, that he has a just defence to the whole of plaintiff's demand in the above action, the nature and character of which is : That Abraham Hibbert, is the real owner of the claim sued for by the plaintiff. That the said plaintiff has no right to, or interest whatever to the claim sued for by plaintiff, and that said Hibbert has warned defendant of this fact, in presence of said plaintiff, and in his presence demanded payment of said claim of defendant."

Plaintiff obtained this rule to show cause.

*Price*, for the rule, cited 1 *Com. Dig.* 308 ; 10 *Johns. R.* 386, 396-9 ; 4 *Mass. R.* 258 ; 8 *Mass.* 103 ; 6 *E. C. L. R.* 478 ; 5 *id.* 283 ; 2 *Esp. R.* 493.

*Miles*, contra.

Per Curiam.—From what is before us, nothing appears that the agency of the plaintiff was coupled with an interest. Indeed, the contrary is averred in the defendant's affidavit, whatever the fact may turn out to be before a jury. The promise to pay to the agent, is but a promise to pay to him for and on account of the principal, and the latter may revoke the authority of the agent to receive the money.

Rule discharged.

